J-S19042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAMON BRITO | : | |
| | : | |
| Appellant | : | No. 769 MDA 2016 |

Appeal from the PCRA Order April 15, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0001898-2008

BEFORE:   GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 08, 2017**

Appellant Ramon Brito appeals from the Order entered in the Court of Common Pleas of York County on April 15, 2016, following a hearing, dismissing his "Applicant Motion for Withdrawal of Plea Agreement," which the trial court treated as a first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Appellant's court-appointed PCRA counsel has filed a petition to withdraw his representation, along with a **Turner/Finley** "no-merit" letter.[2]  We grant counsel's petition to withdraw his representation and affirm the PCRA court's order.

_____

[*] Former Justice specially assigned to the Superior Court.
[1]  42 Pa.C.S.A. §§ 9541-9546.
[2]  **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On June 19, 2008, Appellant, a native of the Dominican Republic, pled *nolo contendere* to Theft by Unlawful Taking or Disposition and Receiving Stolen Property[3] and was sentenced to an aggregate term of six (6) months' probation.[4]    Appellant did not file a post-sentence motion to withdraw his plea or a direct appeal, and on October 14, 2008, Appellant's penalty was deemed satisfied.

Appellant's plea contributed to an immigration action against him, and on April 29, 2014, he filed a Petition for Expungement.   The trial court denied the petition on May 30, 2014, following a hearing.   Appellant thereafter filed a Motion for Modification of Sentence on March 23, 2015, and the trial court denied the same as untimely in its order filed on June 19, 2015.

Appellant filed his "Applicant Motion for Withdrawal of Plea Agreement" *pro se* on July 9, 2015.  The trial court treated Appellant's petition under the auspices of the PCRA and entered an order appointing counsel on August 19, 2015.   Counsel filed an Amended Petition for Post Conviction Relief on October 16, 2015.   Thereafter, Appellant retained private counsel who entered his appearance on March 28, 2016, and following a hearing held on April 5, 2016, appointed counsel was removed.  A PCRA hearing was held on

---

[3] 18 Pa.C.S.A. §§ 3921, 3925.
[4] Appellant was alleged to have stolen a bicycle worth approximately twenty-five (25) dollars.  N.T. PCRA Hearing, 4/15/16, at 7.

April 15, 2016, at which time Appellant testified extensively regarding his immigration status, work history and community involvement. N.T. PCRA Hearing, 4/15/16, at 32. Following oral argument, the Commonwealth expressed its willingness to produce a letter for Appellant to submit to the Governor in his effort to receive an expedited pardon. *Id*. at 44-45. In its order entered on that same date, the PCRA court stated it was "constrained" to deny Appellant's PCRA petition due to its lack of jurisdiction.

On May 10, 2016, Appellant filed a notice of appeal *pro se* and counsel filed a second notice of appeal two days later. On May 20, 2016, the PCRA court directed Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel filled a motion for extension of time in which to file the concise statement on June 10, 2016, and the PCRA granted the same and directed that the statement should be filed on or before July 20, 2016. Pursuant to Appellant's request and following a hearing held on June 29, 2016, the PCRA court permitted private counsel to withdraw and appointed current counsel.

Appellant filed a Rule 1925(b) statement *pro se* on June 22, 2016, and the PCRA court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on August 24, 2016. Therein, the PCRA court aptly summarized the five issues Appellant wished to pursue on appeal as follows:

> [ ] Appellant appeals for the following reasons. [ ] Appellant believes that we erred in finding his PCRA petition to be untimely. [ ] Appellant avers that his counsel in the underlying case was ineffective. [ ] Appellant also alleges that

- 3 -

he suffered manifest injustice because his plea was not entered knowingly or intelligently. We cannot discern the meaning of [ ] Appellant's fourth matter complained of; however, for the reasons cited *infra* we do not believe it necessary to understand it at this time.

**See** Opinion in Support of Order Pursuant to Rule 1925(a) of the Rules of Appellate Procedure, filed 8/24/16, at 3.

The PCRA court indicated that it had dismissed Appellant's purported PCRA petition on the basis that, because Appellant was no longer serving a sentence of imprisonment, probation, or parole for the instant crimes, he was not entitled to relief under the PCRA. **Id**. at 4. In the alternative, the PCRA court stated that even were Appellant still serving a sentence or on probation or parole, his only avenue to establish that trial counsel had been ineffective would have been a claim that the United States Supreme Court established a newly recognized constitutional right in **Padilla v. Kentucky**, 599 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).[5] Noting that this Court rejected such an argument in **Commonwealth v. Garcia**, 23 A.3d 1059, 1064-65 (Pa.Super. 2011), the trial court found that even if it had jurisdiction over Appellant's PCRA petition, a claim alleging counsel's ineffectiveness in light of **Padilla** would be untimely. **See** Opinion in

_____

[5] Therein, the Supreme Court held that the appellant's trial counsel had been ineffective for failing to advise him that pleading guilty may resort in deportation.

Support of Order Pursuant to Rule 1925(a) of the Rules of Appellate Procedure, filed 8/24/16, at 5.

Current counsel filed a Petition for Withdrawal of Appearance with this Court on January 3, 2017. Therein, counsel noted Appellant had been deported to the Dominican Republic on or about October 3, 2016, and stated that his efforts to locate Appellant had been unsuccessful. He further opined the various claims Appellant wished to assert on Appeal as per his *pro se* Rule 1925(b) statement are without merit. Counsel also filed a separate **Turner/Finley** "no-merit" letter and provided proof of service on Irma Cruz, Appellant's designated "Power of Attorney," as Appellant's current address is unknown.

At the outset, we conclude the PCRA court properly treated Appellant's motion as his first PCRA petition. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus[.]" 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the Court must analyze the petition under the auspices of the PCRA. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa.Super. 2013).

In his instant petition, Appellant sought a new trial based upon the alleged effectiveness of trial counsel and involuntariness of his plea, and

such claims are within the purview of the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(ii), (iii); **Commonwealth v. Descartes**, ___ Pa. ____, ____, 136 A.3d 493, 501-02 (2016) (stating it is well established that an appellant's claim of ineffective assistance of plea counsel based upon counsel's failure to advise him of the collateral consequences of his plea, was cognizable under the PCRA). **See also Commonwealth ex rel. Dadario v. Goldberg**, 565 Pa. 280, 773 A.2d 126 (2001) (allegations of counsel's ineffectiveness during plea bargaining process are cognizable under the PCRA); **Commonwealth v. Turner**, 622 Pa. 318, 345, 80 A.3d 754, 770 (where a petitioner alleges ineffective assistance of counsel, those claims are cognizable under the PCRA and the writ of *habeas corpus* is not available). Accordingly, the PCRA court properly treated Appellant's "Applicant Motion for Withdrawal of Plea Agreement," as a PCRA petition.

With regard to petitions filed under the PCRA, "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Before we proceed to review the merits of the issues presented in PCRA counsel's **Turner/Finley** brief, we must determine whether counsel has satisfied certain procedural requirements to withdraw his representation.

> Counsel petitioning to withdraw from PCRA representation...must review the case zealously. [PCRA] counsel must then submit a

"no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and "no-merit" letter that...satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (quotations and citation omitted).

Instantly, we determine that PCRA counsel has complied with the procedural requirements of ***Turner/Finley***. Specifically, PCRA counsel's "no-merit" letter and petition to withdraw detail the nature and extent of PCRA counsel's review, address the claims raised in Appellant's PCRA petition, and determine that the issues lack merit and are frivolous since Appellant, who has completed his sentence, is not eligible for relief. PCRA counsel also indicated that, after his own independent review of the record, he could not identify any meritorious issues that he could raise on Appellant's behalf to overcome his statutory ineligibility. Counsel also provided this Court with proof that he sent Appellant's "Power of Attorney" his petition to withdraw, along with his ***Turner/Finley*** "no-merit" letter in

light of the fact that Appellant was deported to the Dominican Republic on or about October 3, 2016, and counsel has had no contact with Appellant since September of 2016. Counsel also instructed Appellant that he had the right to retain private counsel or proceed *pro se*.[6] As counsel has complied with the **Turner/Finley** requirements to withdraw his representation, we must now determine whether the PCRA court correctly dismissed Appellant's PCRA petition on the basis that he was ineligible for relief.

"Eligibility for relief under the PCRA is dependent upon the petitioner [pleading and proving by a preponderance of the evidence that he is] currently serving a sentence of imprisonment, probation, or parole for a crime." **Commonwealth v. Turner**, 622 Pa. 318, 80 A.3d 754, 761–62 (2013). **See** 42 Pa.C.S.A. § 9543(a)(1)(i). As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief. **Commonwealth v. Ahlborn**, 548 Pa. 544, 699 A.2d 718, 720 (1997).

---

[6] We note that while within the no-merit letter counsel informed Appellant of his rights pursuant to **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa.Super. 2006), counsel erroneously suggested that Appellant's right to retain private counsel or represent himself was contingent upon this Court's allowing current counsel to withdraw. **See** "No-Merit Letter" dated 12/19/16, at 6 ("Please be advised that **should the court grant the Petition to Withdraw as Counsel**, you have the right to proceed *pro se* or with the assistance of privately-retained counsel of your choice") (emphasis added). Accordingly, on January 6, 2017, this Court ordered that Appellant would be permitted to file a response to counsel's petition and no-merit letter, either *pro se* or through privately retained counsel within thirty days. Appellant has filed no response.

In the case *sub judice*, Appellant was sentenced on June 19, 2008, to six months' probation, and his penalty was satisfied on October 14, 2008. Accordingly, when Appellant filed his current petition on July 9, 2015, he was not "serving a sentence of imprisonment, probation, or parole" for the crimes at issue; and thus, the PCRA court properly ruled that Appellant could not obtain relief under the PCRA.

Moreover, the trial court correctly stated that the Supreme Court of the United States' decision in *Padilla* did not create a newly recognized constitutional right.[7] Therefore, we affirm the PCRA court's order dismissing Appellant's petition, and we grant court-appointed counsel's petition to withdraw his representation.

Petition to Withdraw Granted; Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017

---

[7] Additionally, the United States Supreme Court has ruled that *Padilla* does not apply retroactively. *See Chaidez v. United States*, ___ U.S. ____, _____, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149, _____ (2013).

- 9 -